**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------)
Sufang SUN )
 )
                                     Plaintiff, )
 )
             -against- )
 )
Gina Pastore, as Director, New York District )
Joseph B. Edlow, as Director, USCIS )
Kristi Noem, as Secretary, DHS )
 )
                                     Defendants. )
------------------------------------------------------------------------)

Case No.: 1:25-cv-4627

COMPLAINT FOR A
WRIT IN THE
NATURE OF A
MANDAMUS

## COMPLAINT FOR MANDAMUS

To the Honorable Judge of Said Court:

**I.      INTRODUCTION:**

This action is brought by the Plaintiff to compel the Defendants to adjudicate the I-485,

Application to Adjust Status to Lawful Permanent Resident (Form I-485) filed by Plaintiff. The

I-485 Application, based on Plaintiff's status as beneficiary of an approved I-130 Petition has

been on file with the USCIS (United States Citizenship and Immigration Service) since August

11, 2023, but Defendants have refused to complete the case. The Defendants have no legitimate

explanation for this delay.

**II.      PARTIES:**

A.   The Plaintiff Ms. Sufang Sun is a citizen of Republic of China, and beneficiary of the

I-130 Petition filed by her spouse.  Plaintiff currently resides at 43-23 Colden Street,

Apt. 10E, Flushing, NY 11355. Her telephone number is: 646-341-7504.

B.   The Defendants, Gina Pastore, Director of New York Field Office, USCIS; Joseph B.

Edlow, Director, USCIS; and Kristi Noem, Secretary, Department of Homeland

Security, are charged by law with the statutory and regulatory obligation to perform background security checks and determine eligibility for adjustment of status to lawful permanent resident, pursuant to INA §§ 103 and 245, 8 U.S.C. §§ 1103 and 1255, and 8 C.F.R §§ 245.2(a)(5)(i) and 245.6. USCIS is the agency of DHS responsible for adjudicating adjustment of status applications under the INA and has the sole authority to do so, pursuant to 8 C.F.R. § 245.2(a)(1) (requiring any alien who believes he meets the eligibility requirements of Section 245 of the Act to apply to the director having jurisdiction over his place of residence).

### III.  JURISDICTION:

A.  This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.").  Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction.)

B.  Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added). USCIS is subject to 5 U.S.C. § 555(b). *See Liberty Fund, Inc. v. Chao,* 394 F. Supp. 2d 105, 114 (D.D.C. 2005) ("The Administrative Procedure Act requires an agency to act 'within a reasonable time,' 5 U.S.C. § 555(b), and

authorizes a reviewing court to 'compel agency action … unreasonably delayed,' 5 U.S.C. § 706(1).") .

C. Furthermore, INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of "various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified … to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" Because adjudication of a properly filed adjustment of status application is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. *See Liu*, 509 F. Supp. 2d at 9 (holding that "the Court does have jurisdiction over plaintiff's APA claim that defendants have unreasonably delayed adjudicating his application" for adjustment of status); *see also villa v. U.S. Dep't of Homeland Sec.,* 607 F. Supp. 2d 259, 366 (N.D.N.Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all."); *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008)("[T]he Court retains jurisdiction under the APA to determine whether the Secretary [of Homeland Security] has unlawfully delayed or withheld final adjudication of a status adjustment application."). Numerous federal district courts have ruled that adjudication of a properly filed adjustment of status application, including completion of all necessary background check, is a purely ministerial, non-discretionary act which the Government is under obligation to perform in a timely manner. *See, e.g., Shahid*

*Khan v. Scharfen*, 2009 U.S. Dist. LEXIS 28948 (N.D. Cal. Apr. 6, 2009); *Nigmadzhanov v. Mueller*, 550 F. Supp. 2d 540 (S.D.N.Y. 2008).

D.  Both the regulations and the INA provide numerous examples of duties owed by USCIS in the adjustment of status process. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens [.]" (Emphasis added). The Code of Federal Regulations provides that "[e]ach applicant for adjustment of status … *shall* be interviewed by an immigration officer." 8 C.F.R. § 245.6 (emphasis added). The regulations further provide that "the applicant *shall* be notified of the decision of the director and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2(a)(5)(i)(emphasis added). The language of the statute and the above-cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the applications for adjustment of status pending before them. *See Matter of Sealed Case*, 151 F.3d 1059, 1063 (D.C. Cir. 1998); *see also First Federal Savings and Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

E.  Costs and attorney's fees will be sought pursuant to the Equal Access to Justice Act, 5 USC sec. 504, and 28 USC 2412(d), *et seq*.

## IV.    VENUE

28 U.S.C. § 1391(e), as amended, provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or is an agency of the United States, the action may be brought in any judicial district in which a defendant in the action resides. Plaintiff

is a resident of the Eastern District of New York, and defendants, being sued in their

official capacity, are the agencies of the United States, that does business in this district.

**V.      REMEDY SOUGHT**

Plaintiff seeks to have the Court compel the Defendants and those acting under them to

take all appropriate action to adjudicate the Plaintiff's I-485 Application to Adjust Status

without further delay. Plaintiff further seeks the Court to grant attorney's fees and costs

of court to the Plaintiff under the Equal Access to Justice Act ("EAJA").

**VI.     FACTS OF THE CASE**

A. Ms. Sufang Sun is a Native and Citizen of China, who has been approved of a I-130

   Petition filed by her husband on or about January 30, 2025.

B. Both the I-130 Petition and the I-485, Application for Adjustment of Status were filed

   on August 11, 2023. While I-130 Petition was approved, the I-485 application is still

   pending with USCIS. See *Exhibit A*- Filing Receipt of I-485

C. The I-485 Application has been pending with USCIS for more than twenty-four (24)

   months. No letter for interview nor any information requests have been made to the

   Plaintiff. The application is simply in limbo at USCIS for processing.

D. The average time to review and adjudicate an I-485 Application is 11.5 months. See

   Exhibit C, USCIS Processing Timetable also available at:

   https://egov.uscis.gov/processing-times/. *Exhibit B*- Case Processing Time.

E. The Defendant USCIS has unreasonably failed to issue a final decision on Plaintiff's

   application for adjustment of status. As over twenty-four (24) months has elapsed

   since the Plaintiff filed her application to adjust status, she requests that this Court

instruct USCIS to release the case from hold and adjudicate the I-485 application without further delay.

## VII.    CAUSE OF ACTION

A.   The Plaintiff is entitled to adjust his status to lawful permanent resident pursuant to INA § 209, 8 U.S.C. § 1159.

B.   The Defendants have sufficient information to determine the Plaintiff's eligibility for adjustment of status pursuant to applicable requirements. Notwithstanding, the Defendant USCIS has unreasonably delayed and refused to adjudicate the Plaintiff's application to adjust status for more than two (2) years, thereby depriving the Plaintiff of her right to a decision on here immigration status and the peace of mind to which she is entitled.

C.   The Defendants' inaction in the Plaintiff's case has caused inordinate and unfair amounts of stress, expense, and hassle for the Plaintiff, who is entitled to a decision on her application to adjust status without further unreasonably delay.

D.   Mandamus is appropriate because there is no other remedy at law. But Plaintiff seeks to compel a decision to be made, in terms of both mandamus and in terms of the APA for administrative action wrongfully withheld.

## E.   PRAYER:

WHEREFORE, the Plaintiff prays that this court:

A.   Compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff's I-485 Application to Adjust Status without further delay.

B.   Grant such other relief as may be proper under the circumstances.

C.  Grant attorney's fees and costs of court to the Plaintiff under the Equal Access to

    Justice Act ("EAJA").

DATED: August 20, 2025

                              Respectfully submitted,

                               Ling Li, Esq.